ABNER BENEDICT *and* WILLIAM E. THORNE *v.* WILLIAM DUNNING.

The defendant agreed to take a loan which had been negotiated by the plaintiffs for one Schoonmaker, and to pay the expenses incurred by the plaintiffs in searching the title to the premises on which the loan was to be made, and also to pay for services rendered by the plaintiffs.

*Held,* That the agreement was not void as being collateral, and without consideration.

Appeal by the defendant from a judgment of the Seventh District Court.

The plaintiffs agreed to use their influence in causing a loan to be made to one Schoonmaker of $7000 upon certain property in Broadway. Upon this property defendant held a third mortgage. A second mortgage had passed to a decree of foreclosure, and defendant expecting that he would have to purchase at the sale, wanted the $7000, to enable him to pay off the prior mortgages, taxes, etc. Plaintiffs made the requisite searches, but Schoonmaker not being in a condition to perform the agreement on his part for the loan, the defendant, [being

in need of money to pay off the two mortgages prior to his], went to plaintiff's office, where it was agreed by parol that plaintiffs should cause the $7000 to be loaned to defendant on the Broadway property, and to make a further search as to the foreclosure proceedings, and further to cause the $7000 to be kept for the defendant until it was determined whether defendant became purchaser on such foreclosure sale. Defendant agreed to take said loan, and pay plaintiffs for their services, provided he became the purchaser on the sale. Plaintiffs completed the search, and caused the money to be retained and tendered to defendant. Defendant became the purchaser on such sale, but refused to take the loan, or pay plaintiffs for their services.

Judgment was rendered for the plaintiff, and defendant appealed to the Court.

*George W. Stevens* for appellant.

I. The promise of the appellant was a collateral undertaking to the original liability of Schoonmaker, and not being in writing is void (2 R. S. 135, § 2; *Carville* v. *Crane*, 5 Hill, 483).

II. The promise of the appellant to pay the respondents for the services was in any event contingent upon his accepting the loan. As he did not accept the loan, no original liability upon his part attached.

III. The services of the respondents were already performed for Schoonmaker. They did not surrender or give up their claim against him, and hence there can be no original liability of the appellant to them for the same services for which Schoonmaker is still liable to them (*Mallory* v. *Gillett*, 21 N. Y. R. 412).

*Benedict and Thorn* for respondents.

By THE COURT.—BRADY, J.—In this case the evidence shows that the defendant agreed to take a loan which had been negotiated for one Schoonmaker, and to pay the expenses incurred by the plaintiffs in searching the title to the premises on which the loan was to be made, and also to pay for the services rendered by the plaintiffs. It is true that Schoonmaker was liable to the plaintiffs, but the defendant assumed the responsi-

bility which had accrued in consideration of the transfer to him of the subject matter of such liability, and was, by his arrangement with the plaintiffs, to receive the entire benefit of such expenditure as had been made, and such services as had been performed for Schoonmaker. The consideration of the promise by Schoonmaker was the loan, and such was also the consideration of the promise by the defendant. It was a new promise, to the effect that if the plaintiffs would transfer the loan to him, he would pay them the same charge that they would receive from Schoonmaker had the loan been made to him. Not only was that the agreement, but the defendant also promised to pay $25 for such services in addition as would be necessary to make the transfer in due form to secure the mortgagee. The money was ready, and was kept in abeyance, awaiting the convenience of the defendant, and subject to his order. This was a further consideration for the promise. I think this case is controlled by the principles laid down in *Mallory* v. *Gillett*, 21 N. Y. Rep., 412, and that the judgment should be affirmed.

Judgment affirmed.